UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FABIAN O. MONCRIEFFE,

      Petitioner,

   v.                          Case No.:  2:26-cv-01506-SPC-NPM

U.S. ATTORNEY GENERAL *et al.*,

      Respondents,

                                    /

## <u>OPINION AND ORDER</u>

Before the Court are petitioner Fabian O. Moncrieffe's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).  For the below reasons, the Court grants the petition.

Moncrieffe is a native of Jamaica who was admitted into the United States as a lawful permanent resident on June 17, 1999.  Following convictions for driving under the influence, attempted burglary, and the sale of cocaine, an immigration judge ordered Moncrieffe removed to Jamaica on February 24, 2014, but granted deferral of removal under the Convention Against Torture. Immigration and Customs Enforcement ("ICE") released Moncrieffe under an order of supervision on February 27, 2014.  Since then, he has complied with all conditions of supervision.  On February 13, 2026, Moncrieffe reported to ICE for a routine check-in, and ICE revoked his release under 8 C.F.R. § 241.4(l) because it was "appropriate to enforce the removal order" and "ICE is

seeking a travel document to effect [Moncrieffe's] expeditious removal to Jamaica." (Doc. 5-1 at 7).

Moncrieffe is currently detained at Alligator Alcatraz. He challenges the legality of his detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001). In response, the government claims Moncrieffe is detained under 8 U.S.C. § 1226(c). But the government's own exhibits prove that false. Moncrieffe was detained under § 1226(c) in 2014, but the ICE released him on an order of supervision. Moncrieffe is currently detained under 8 U.S.C. § 1231 because an ICE official determined it was appropriate to enforce the removal order. Thus, *Zadvydas* controls.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The

Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Moncrieffe has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ICE notified Moncrieffe it intends to remove him to Jamaica, but it cannot because an immigration judge deferred removal to Jamaica under the Convention Against Torture. The burden thus shifts to the respondents, but they make no attempt at rebuttal.

The Court finds no significant likelihood Moncrieffe will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable

future, ICE can detain Moncrieffe to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Fabian O. Moncrieffe's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Moncrieffe within 24 hours of this Order and give him telephone access so he can arrange transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record